UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT McCREERY, JR.,<br><br>　　　　　　Movant,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | Case No. 4:12-cv-00248-BLW<br>　　　　　4:08-cr-00091-BLW<br><br>**ORDER** |

Pending before the Court is Robert McCreery, Jr.'s ("McCreery") Motion for Summary Judgment (Dkt. 3) and the Government's Motion for Extension of Time to File Response (Dkt. 4). For the reasons set forth below, the Court denies the Motion for Summary Judgment and grants the Motion for Extension of Time.

## BACKGROUND

On May 21, 2012, McCreery filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") (Dkt. 1) alleging three grounds of ineffective assistance of counsel. The alleged grounds relate to the 21 U.S.C. § 851 sentencing enhancement filed by the Government raising the statutory minimum to twenty (20) years on the drug charge and counsel's advice prior to the change of plea hearing based on his alleged erroneous understanding of the effect of the § 851

enhancement. The Court entered an Order (Dkt. 2) directing the Government to file a response to the § 2255 Motion within thirty (30) days which would have been June 20, 2012. On July 9, 2012, given the Government's failure to file a response, McCreery moved for summary judgment on the grounds that the facts alleged were undisputed and entitled him to judgment as a matter of law.

Apparently prompted by the summary judgment motion, on July 13, 2012, the Government filed the pending Motion for Extension of Time requesting a response date of August 24, 2012. The Government contends that a clerical error resulted in the deadline not being properly calendared on the assigned AUSA's calendar, that the assigned AUSA was in trial in Boise, and that the motion was the first request for an extension. On August 2, 2012, the Government responded to the summary judgment motion stating those same grounds and additionally arguing that the Government's motion for an extension to respond prevented the Court from finding on the record that there are no genuine issues in dispute.

## DISCUSSION

Title 28 U.S.C. § 2255(a) provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and

(4) that the sentence is otherwise "subject to collateral attack." The Federal Rules of Civil Procedure are applicable to § 2255 proceedings "to the extent that they are not inconsistent with any statutory provisions or these rules. . . ." *Rule 12 of the Rules Governing Section 2255 Proceedings.*

Under Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is to be granted only if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, show that there is no genuine issue as to a material fact, *and* the moving party is entitled to judgment as a matter of law." *Legal Aid Services of Oregon v. Legal Services Corp.*, 608 F.3d 1084, 1093 (9th Cir. 2010) (emphasis added).

McCreery's summary judgment motion is premised on Rule 56(e)(2) which provides that "the court may . . . consider [a] fact undisputed for purposes of the motion" where a party "fails to properly address another party's assertion of fact as required by Rule 56(c)." *See* Fed. R. Civ. P. 56(e)(2). However, this is only one option provided by Rule 56(e) and is discretionary by its terms.

Other options available to the Court under Rule 56(e) include giving the opposing party "an opportunity to properly support or address the fact," "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it," or "issu[ing] any other appropriate order." *See* Fed. R. Civ. P. 56(e)(1), (3), and (4). Furthermore, the commentary to the 2010 amendments to Rule 56(e) states that

"summary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements." *See* Fed. R. Civ. P. 56 Advisory Committee's 2010 note. The commentary further provides specifically with respect to subsection (e)(2) that "the court may choose not to consider [a] fact as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute." *Id.*

A government's failure to respond to a § 2255 motion does not in itself establish the right to summary judgment relief. *See, e.g., United States v. Bopp*, No. 09-20532, 2012 WL 2711395 at *2 (E.D. Mich. Jul. 9, 2012). Nor does it entitle a prisoner to entry of default judgment. *See id.* (citation omitted). *See also Cook v. Ducharme*, 162 F.3d 1168 at *2 (9th Cir. 1998); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (citations omitted); *Quinones-Torres v. United States*, 240 Fed. Appx. 876, 878 (1st Cir. 2007) (applying *Gordon* to a § 2255 proceeding).

McCreery's claim that counsel was ineffective by providing advice based on an erroneous understanding of the effect of a § 851 enhancement is based on his unsupported, albeit sworn, statement regarding the advice counsel gave him. His claim that counsel was ineffective for failing to object to the allegedly late-filing of the § 851 enhancement is based on the conclusory assertion that it was indeed late and was indeed a breach of the plea agreement. His claim that counsel was ineffective for failing to contest the predicate state court conviction for the § 851 enhancement is based on his

unsupported assertion that the sentence was reduced to probation and thus did not qualify as a felony.

The Court finds that McCreery has not established his entitlement to § 2255 relief as a matter of law at this time. It further finds that allowing the Government an opportunity to address McCreery's assertions of fact pursuant to Rule 56(e)(1) is warranted. Nevertheless, rather than having the Government address the issues raised in the context of the summary judgment motion, the Court finds that the Government's response to the allegations of the § 2255 Motion itself would be more useful in clarifying the issues and the record for the Court. *See* Fed. R. Civ. P. 56(e)(4) (providing for the issuance of "any other appropriate order").

The Government has asked for an extension of time until August 24, 2012 from the date its motion was filed on July 13, 2012, a period of approximately six weeks. The Court routinely grants a § 2255 litigant a first request for an extension of time. Here, the Court finds that the clerical error and the assigned AUSA's then-involvement in a jury trial in Boise justifies the requested extension. After the Government has filed its response, McCreery may file a reply if he so chooses. *See Order*, Dkt. 2. The Court will then determine whether an evidentiary hearing is warranted pursuant to Rule 8 of the Rules Governing § 2255 Proceedings.

**ORDER - 5**

# ORDER

**IT IS ORDERED:**

1. McCreery's Motion for Summary Judgment (Dkt. 3) is **DENIED**.

2. The Government's Motion for Extension of Time (Dkt. 4) is **GRANTED**. The response shall be due within forty-five (45) days from the date of this Order.



DATED: **September 13, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge